# Exhibit A

APRIL L. HOLLINGSWORTH (Bar No. 9391)
KATIE PANZER (Bar No. 16919)
**HOLLINGSWORTH LAW OFFICE, LLC**
1881 South 1100 East
Salt Lake City, Utah 84105 Telephone: 801-415-9909
april@aprilhollingsworthlaw.com
katie@aprilhollingsworthlaw.com
Counsel for Plaintiff

IN THE THIRD DISTRICT COURT
SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| **KERRY MacNAMARA,**  Plaintiff,  vs.  **SALT LAKE COMMUNITY COLLEGE,**  Defendant. | **COMPLAINT** **(Jury Demand)**  Case No.  Judge |

Plaintiff Kerry MacNamara ("MacNamara"), by and through her undersigned counsel, hereby complains and alleges against Defendant Salt Lake Community College ("SLCC") as follows:

## NATURE OF CASE

This is an action against the College for breach of contract and violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

## PARTIES

1. Plaintiff is an individual residing in Summit County, State of Utah.

2. Defendant SLCC is an institution of higher education formed and existing under

1

Utah Code Ann. § 53B-2-101.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the parties and subject matter of this action pursuant to Utah Code § 78(B)-3-205.

4. Venue in this action is proper in this Court pursuant to Utah Code § 78(B)-3-307.

## GENERAL FACTUAL ALLEGATIONS

5. MacNamara is female. She has a Master of Business Administration degree in Finance from Yale, and a law degree from the University of Illinois.

6. MacNamara was hired as a tenure-track faculty member of SLCC's Economics program in August 2016.

7. From the beginning of her employment with SLCC, MacNamara felt that she was being discriminated against based on her gender.

8. For instance, she applied for a position in Finance, along with a less qualified male colleague. The man was hired for the position, was given a teaching schedule far easier than his (one course to her three), and was paid nearly the same as her, despite his lighter course load and having no teaching experience.

9. MacNamara began complaining about a culture of sexism at SLCC early on, beginning with a complaint to Melissa Flores, then General Counsel and Director of EEO for SLCC, on August 31, 2016.

10. MacNamara also complained of gender discrimination to SLCC's Diversity Assistant to the President, Roderick Land in March 2017, informing him about the sex discrimination she was facing, the culture of sexism she observed, her concerns

of retaliation, and the toll the work environment was taking on her health and well-being.

11. Meanwhile, MacNamara's students gave her very positive reviews.

12. On August 25, 2017, MacNamara attended a meeting with Paul Allen, the acting Associate Dean for the Department of Economics. This meeting was the first time she met Allen.

13. During that meeting, Allen told MacNamara that he was concerned about her "aggression," falsely claimed that she had sent an email suggesting that he could not do his job. MacNamara had no idea what he was talking about.

14. Allen also showed significant hostility towards her, both verbally (raising his voice) and physically.

15. After MacNamara asked Allen to address her in a professional manner and he refused, she gathered her belongings as he yelled to her that she had "an obligation to talk to" him.

16. Following the meeting, MacNamara immediately contacted John Robinson in Employee Relations and the Acting Dean of the School of Humanities and Social Sciences, in accordance with the procedure as she understood it for filing a complaint.

17. On August 29, 2017, she provided a written account of the meeting to Robinson and asked "that SLCC take steps to assure that Mr. Allen's conduct not be repeated with" her.

18. On September 1, 2017, Robinson informed her that he had received her formal

3

grievance, and stated Teresa Martin, the Grievance Coordinator, would be in touch.

19. The Grievance Coordinator never contacted MacNamara, and the next communication she heard from anyone at SLCC about her grievance was from Craig Gardner, Assistant Vice-President of Human Resources, on September 8, 2017, in an email in which he told her that her complaint dealt only with "general working conditions," so she could only pursue the "Informal Procedure" for relief. The deadline for pursuing that process had already passed.

20. On September 14, 2017, Gardner informed her for the first time that she had "not completed the first step in the process" by meeting with Allen. It became clear to MacNamara at that point that SLCC had no intention of addressing her complaints.

21. Allen retaliated against MacNamara quickly after she attempted to complain about him. On October 26, 2017, Allen issued MacNamara a "Notice of Intent to Terminate Employment" that made many false allegations about her attendance and conduct, including claiming that she was "disrespectful and rude," had violated policies, had a "lack of empathy," and had "repeatedly yelled" at him during the August 25, 2017 meeting.

22. In early November 2017, MacNamara was removed from her classes and placed on administrative leave.

23. On November 10, 2017, MacNamara sent a lengthy complaint of retaliation to SLCC's Human Resources department.

24. SLCC failed to address her complaint of retaliation, and in a letter dated November 21, 2017, Allen affirmed his decision to terminate her, effective November 27, 2017.

25. MacNamara began suffering considerable health effects due to her work atmosphere before she was terminated.

26. Since her termination, MacNamara has suffered significant emotional distress and financial damages caused by SLCC's treatment of her.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

27. Plaintiff realleges and incorporates by reference all paragraphs set forth above.

28. SLCC's policies constitute a contract that was binding upon MacNamara and SLCC.

29. MacNamara performed all of her legal obligations under these policies.

30. SLCC breached several of its policies in dealing with MacNamara's complaints about gender discrimination, and Allen's conduct in particular, including but not limited to failing to investigate her complaints.

31. SLCC also breached its policies in hiring a less qualified man over her.

32. Finally, SLCC breached its policies in allowing her to be retaliated against for her complaints, resulting in her termination.

33. MacNamara was damaged by SLCC's breaches of its policies, financially and emotionally.

34. As such, Defendant SLCC is liable to MacNamara for all damages that flow from SLCC's breaches and that are recoverable pursuant to Utah law, including but not limited to lost wages, the value of lost benefits, compensatory damages, injunctive relief, and consequential damages, including attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### (Breach of the Duty of Good Faith and Fair Dealing)

35. MacNamara incorporates herein the allegations of the foregoing paragraphs.

36. Under Utah law, a duty of good faith and fair dealing exists in all employment relationships.

37. SLCC breached this duty by allowing, and even facilitating, retaliation against MacNamara after she complained about Allen's conduct towards her.

38. SLCC's actions and omissions were inconsistent with the agreed common purpose of the parties of supporting the operations of the college, and the justified expectations of MacNamara that her employer would abide by its own policies.

39. MacNamara is entitled to all damages flowing from this breach, including her lost wages and future pecuniary losses, as well as her costs and attorneys' fees.

### THIRD CAUSE OF ACTION
### (Discrimination on the Basis of Sex and Retaliation in Violation of Title VII)

40. Plaintiff realleges and incorporates by reference all paragraphs set forth above.

41. Under Title VII, MacNamara is entitled to a workplace free of discrimination.

42. During her employment with SLCC, MacNamara was discriminated against on the basis of her sex in several ways, including but not limited to: when a male less-qualified colleague was hired instead of her for a position in Finance, when he was paid nearly what she was despite his lack of experience and teaching less classes, and through a culture of sexism that permeates the department and college.

43. MacNamara complained of discrimination, but SLCC failed to fulfill its responsibility under Title VII to investigate her complaints and to stop the discrimination.

44. Moreover, SLCC retaliated against MacNamara by terminating her employment after she complained about Allen specifically.

45. The discriminatory and retaliatory conduct described above caused MacNamara significant damages that she is entitled to recover, including but not limited to her lost wages, benefits, and front pay in lieu of reinstatement.

46. MacNamara has also suffered emotional distress, pain, and suffering due to SLCC's intentional conduct; therefore, she is entitled to compensatory damages in an amount to be proven at trial.

47. SLCC acted with malice or reckless disregard of MacNamara's rights; therefore, SLCC is liable for punitive damages.

48. SLCC is also entitled to recover her attorneys' fees and other costs of this action.

49. MacNamara filed a Charge of Discrimination with the Equal Employment Opportunity Commission, and received a Right to Sue dated October 10, 2019. Ex. 1, attached. Accordingly, she has satisfied all administrative prerequisites for filing her Title VII claim.

## REQUEST FOR A JURY TRIAL

Plaintiff requests that this matter be tried before a jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

1. For the payment of back wages and benefits;
2. For compensatory damages;
3. For consequential damages;
4. For any appropriate injunctive relief;
5. For punitive damages in an amount to be determined by the jury;
6. For all of costs of litigation and attorneys' fees;
7. Pre-judgment and post-judgment interest at the highest lawful rate; and
8. For such other further and additional relief the Court deems just and proper.

Dated this _10th___ day of January, 2020.

**HOLLINGSWORTH LAW OFFICE, LLC**

/s/ April L. Hollingsworth
April L. Hollingsworth
Counsel for Plaintiff

# CHARGE OF DISCRIMINATION

Utah Anti-Discrimination & Labor Division and EEOC

**RECEIVED SEP 21 2018 LABOR COMMISSION**

UALD No: 38-0558
EEOC No: 35C-2018-00558

| | |
|---|---|
| NAME (Indicate Mr., Ms., Mrs.) Kerry MacNamara | HOME TELEPHONE (Include Area Code) (435) 919-6846 |
| STREET ADDRESS CITY, STATE AND ZIP CODE Po Box 980723, Park City UT 84098 | DATE OF BIRTH Sep 27, 1970 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| | |
|---|---|
| NAME Salt Lake Community College | TELEPHONE (Include Area Code) (801) 957-4111 |
| STREET ADDRESS 4600 S Redwood Rd Ste Ad243, Salt Lake City UT 84123 | COUNTY Salt Lake |

CAUSE OF DISCRIMINATION BASED ON
☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY
☐ GENDER IDENTITY ☐ SEXUAL ORIENTATION ☐ RELIGIOUS LIBERTY PROTECTION

DATE DISCRIMINATION TOOK PLACE
EARLIEST                LATEST
                        11/27/2017
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attach extra sheets(s)):

I was hired August of 2016 as Associate Professor. I am a female. I have reason to believe that because of this, I have been subjected to discrimination.

I had applied for the finance position along with another male. The male who got the position was not as qualified as myself, while I was given a position in economics, though I hold no advanced degree in the field. This man was then given a teaching schedule that was far easier than my own though he was being paid nearly the same salary, despite his lack of teaching experience. I was initially assigned three different courses one in Finance and two in economics on two different campuses on the same day, taught five days a week, which meant coming early every morning and coming home late. The male was assigned one course on one campus three days a week and he was given the finance position I was turned down for, despite his lesser qualifications. I complained August 31, 2016 to the EEO head general counsel about the sex discrimination. After my complaint, a campaign of discrimination and retaliation ensued for raising the issues of sex discrimination and the culture of fear at the college that seems to prevent women professors and other women employees from speaking out against discrimination. On November 27, 2017, I was terminated in retaliation for my complaint. I believe the determining factor to be my gender.

I believe I have been discriminated against based on my gender. I also believe I have been unlawfully retaliated against and the acts of my employer are in violation of Title VII of the Civil Rights Act of 1964 and the Utah Antidiscrimination Act of 1965, both as amended.

I understand this charge will be filed with both the EEOC and the State or local Agency, if any, unless jurisdictional issues dictate otherwise. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY
State of Utah )
County of Salt Lake ) ss.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF CHARGING PARTY

SUBSCRIBED AND SWORN/AFFIRMED TO ME ON THIS 21st DAY OF September 2018 by Kerry MacNamara (Charging Party)

My Commission Expires 6-29-2020

NOTARY PUBLIC
SYDNEY DEYOUNG
Commission No. 689736
Commission Expires
JUNE 29, 2020
STATE OF UTAH



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Phoenix District Office

3300 N. Central Avenue, Suite 690
Phoenix, AZ 85012-2504
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Phoenix Status Line: (602) 640-5000
TTY (602) 640-5072
FAX (602) 640-5071

Kerry MacNamara
P O Box 980723
Park City, UT 84098

Subject: Dismissal of Charge
Charge Number: 35C-2018-00558

Dear Ms. MacNamara:

The purpose of this letter is to inform you that the EEOC has concluded its investigation of the above-referenced charge of employment discrimination. After reviewing the information in the file including the information you submitted, the EEOC does not believe that additional investigation would result in our finding a violation.

The EEOC has terminated its investigation into your allegations. While we fully understand that the parties to a charge often have very firm views that the available evidence supports their respective positions, our final determinations must comport with our interpretation of the available evidence and the laws we enforce. This letter and the enclosed documents will dismiss your case and no further action will be taken by the EEOC.

Enclosed is your Dismissal and Notice of Right to Sue. The Dismissal and Notice will explain your right to pursue the matter in court. If you want to pursue your charge, you may do so on your own by filing in Federal District Court within *90-days from the date that delivery of the Notice was <u>attempted</u> at your last known address of record or 90 days of receipt of the Notice, whichever is earlier. If you do not file a lawsuit within the required 90-day period, your right to file a lawsuit in this matter will expire and cannot be restored by EEOC.*

If you have any questions, please feel free to contact me at (602) 640-5028.

Sincerely,

OCT 1 0 2019
Date

Jeremy Yubeta
Supervisory Investigator

Cc: April Hollingsworth, Esq.
HOLLINGSWORTH LAW OFFICE, LLC