APRIL L. HOLLINGSWORTH (Bar No. 9391)
KATIE PANZER (Bar No. 16919)
**HOLLINGSWORTH LAW OFFICE, LLC**
1881 South 1100 East
Salt Lake City, Utah 84105
Telephone: 801-415-9909
april@aprilhollingsworthlaw.com
katie@aprilhollingsworthlaw.com
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KERRY MACNAMARA,<br><br>Plaintiff,<br><br>vs.<br><br>SALT LAKE COMMUNITY COLLEGE,<br><br>Defendant. | **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>Case No. 2:20-cv-00076-HCN-DBP<br><br>Judge Howard C. Nielson, Jr.<br>Magistrate Judge Dustin B. Pead |

Plaintiff Kerry MacNamara hereby submits her Memorandum in Opposition to Defendant's Motion to Dismiss for Failure to State a Claim for Which Relief May Be Granted.

## ARGUMENT

Defendant SLCC suggests a plaintiff's standard for pleading is higher than it actually is. Following the Supreme Court's decisions in *Iqbal* and *Twombly*, relied

on by SLCC, the Tenth Circuit stated that those decisions do not require "heightened fact pleading, which is expressly rejected." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012). "In other words, Rule 8(a)(2) still lives." *Id.* Accordingly, a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2).

The Rule does not require that plaintiffs provide "'detailed factual allegations' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Here, Ms. MacNamara has provided a short and plain statement, supported by sufficient factual allegations, to state a facially plausible claim to relief under breach of contract theories. Specifically, Ms. MacNamara alleges that SLCC's policies constitute a contract that was binding on MacNamara and SLCC, and that SLCC breached those policies when: it failed to investigate her complaints, when it hired a less qualified man over her, and when it allowed her to be retaliated against

for complaining, "resulting in her termination." Complaint, ¶¶ 28-32. These facts are sufficient to allow the Court to draw reasonable inferences that SLCC had policies that required it to investigate complaints, make hiring decisions based on merit not gender, and not to retaliate against employees who complain, and that SLCC violated those policies in its treatment of Ms. MacNamara. Further, Ms. MacNamara alleged that she was damaged by SLCC's breaches, suffering "significant emotional distress and financial damages caused by SLCC's treatment of her." Complaint, ¶ 26.

A public entity's violation of its policies in a manner that damages its employee supports a breach of contract claim. *See Cabaness v. Thomas*, 2010 UT 23, ¶¶ 47-62. Because Ms. MacNamara set forth several ways in which SLCC breached its own policies, she has pled specifics that meet all the elements of a breach of contract claim. *Bair v. Axiom Design, LLC*, 20 P.3d 388, 392 (Utah 2001). (To the extent it is necessary for her to allege facts demonstrating that she fulfilled her obligations under the policies, she alleged that her "students gave her very positive reviews," showing she was doing the job she was paid to do as a professor. Complaint, ¶ 11.) She has satisfied her relatively low burden at this early stage of litigation, and Defendant's Motion to Dismiss for failure to state a claim should be denied.

SLCC asserts, nonetheless, that Ms. MacNamara has failed to state a claim because she did not "identif[y] the specific policies that she alleges SLCC to have breached" and, as such, Ms. MacNamara "merely suggest[s] the 'sheer possibility that a defendant acted unlawfully.'" Motion to Dismiss (ECF 16), at 7-8[1] (*quoting Iqbal*, 556 U.S. at 678). In making this argument, SLCC seems to suggest a "heightened fact pleading" standard which, as stated above, has been "expressly rejected." *Khalik*, 671 F.3d at 1191. There is no requirement that a plaintiff alleging breach of contract specifically identify the policies in question to clear the pleading hurdle, and in fact, a breach of contract claim may be based on oral representations that may not be written. *See, e.g., Tomlinson v. NCR Corp.,* 345 P.3d 523, 529 (Utah 2014). Nonetheless, Ms. MacNamara provided sufficient information from which the Court may draw reasonable inferences that Defendant has policies that require it to investigate complaints, make hiring decisions based on merit, and not to retaliate against employees who complain. Ms. MacNamara met her burden at the pleadings stage by alleging Defendant breached these policies by not following these policies (*i.e.,* not investigating her complaints, making hiring decisions based on gender, and retaliating against her after she complained, culminating in her termination), and that she suffered damages a result

---

[1] Cites to Defendant's motion refer to the page numbers created by the electronic filing system.

4

of Defendant's breaches. She has provided all the specifics necessary at this stage of litigation.

Because Ms. MacNamara has met the pleading standard for a breach of contract claim, she has similarly met the standard for pleading a breach of the covenant of good faith and fair dealing, because "every contract is subject to an implied covenant of good faith . . . ." *Cabaness*, at ¶ 61, *citing Brehany v. Nordstrom, Inc.*, 812 P.2d 49, 55 (Utah 1991).

Defendant also seems to suggest that Ms. MacNamara breached SLCC's policies, preventing her from claiming that SLCC breached them. ECF 16, at 8. Of course, the parties have yet to engage in any discovery at this point. To the extent that Defendant maintains this point is dispositive of Ms. MacNamara's claims, Defendant has essentially filed a motion for summary judgment without providing Ms. MacNamara the opportunity to do any discovery. On this point, Defendant's motion at this early stage of litigation is premature.

## CONCLUSION

Because Ms. MacNamara has met Fed. R. Civ. P. 8's requirements for providing a short, plain statement showing she is entitled to relief, Defendant's Motion to Dismiss must be denied.

DATED this 11th day of September, 2020.

HOLLINGSWORTH LAW OFFICE, LLC

/s/ April L. Hollingsworth
Attorneys for Plaintiff Kerry MacNamara

CERTIFICATE OF SERVICE

I hereby certify that a copy of the forgoing **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** was served via the Court's electronic filing system this 11th day of September, 2020, on the following:

Joseph T. Adams
Assistant Utah Attorney General
160 East 300 South, Sixth Floor
Salt Lake City, Utah 84114-0856
josephadams@agutah.gov

/s/ April L. Hollingsworth