JOSEPH T. ADAMS (11858)
Assistant Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
E-mail: josephadams@agutah.gov
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| KERRY MACNAMARA, <br><br> Plaintiff, <br><br> v. <br><br> SALT LAKE COMMUNITY COLLEGE, <br><br> Defendant. | **ANSWER** <br><br> Case No. 2:20-cv-00076-HCN-DBP <br><br> Judge Howard C. Nielson, Jr. <br> Magistrate Judge Dustin B. Pead |
|---|---|

Pursuant to D.U. Civ. R. 7-1, Defendant Salt Lake Community College ("Defendant"), through Joseph T. Adams, Assistant Utah Attorney General, answers the complaint filed by the Plaintiff (the "Complaint") and responds to the individually numbered paragraphs as set forth below.

## ANSWER

1. Defendant lacks sufficient knowledge regarding the accuracy of the allegations in Paragraph 1 and, therefore, denies the same.

2. Defendant admits the allegations in Paragraph 2.

3. Defendant admits the allegations in Paragraph 3 and affirmatively avers that it properly removed the action to this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a).

4. Defendant admits the allegations in paragraph 4 and affirmatively avers that it properly removed the action to this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a).

## GENERAL FACTUAL ALLEGATIONS

5. Defendant lacks sufficient knowledge regarding the accuracy of the allegations in Paragraph 5 and, therefore, denies the same.

6. Defendant admits the allegations in Paragraph 6.

7. Defendant lacks sufficient knowledge regarding the accuracy of the allegations in Paragraph 7 and, therefore, denies the same.

8. Defendant admits that Plaintiff applied for a position in Finance and that a male applicant was hired for the position. Defendant denies the remaining allegations in Paragraph 8.

9. Defendant admits that Plaintiff contacted Melissa Flores ("Flores") via email on August 31, 2016. Defendant denies the remaining allegations in Paragraph 9. Defendant affirmatively avers that: (a) Plaintiff's August 31, 2015 email to Flores was the first time Plaintiff complained of any alleged discrimination; (b) Associate Dean Paul Brenner ("Brenner") gave Plaintiff Flores' contact information with instructions to contact Flores if she felt she was being subjected to discrimination; and (c) these instructions were given in the context of a discussion between Benner and Plaintiff regarding her class schedule.

10. Defendant admits that Plaintiff spoke with Roderick Land ("Land") and alleged differential treatment because of her sex. Defendant denies the remaining allegations in Paragraph 10. Defendant affirmatively avers that during his conversation with Plaintiff, Land: (a) told her that he lacked authority to investigate her allegations; and (b) referred her to Defendant's EEO office.

11. Defendant admits that some students gave Plaintiff positive reviews.

12. Defendant admits that on or about August 25, 2017, Plaintiff met with Paul Allen ("Allen"), then acting Associate Dean of the Department of Economics, and that this was the first time Plaintiff and Allen met face-to-face. Defendant affirmatively avers that Plaintiff and Allen had previously corresponded via email.

13. Defendant denies the allegations in paragraph 13.

14. Defendant denies the allegations in Paragraph 14. Defendant affirmatively avers that Plaintiff voluntarily acknowledged in an email dated August 25, 2017, that Allen "did not yell or shout, and, if anything, I think I would consider the volume of his voice to be lower than that used by most."

15. Defendant denies the allegations in Paragraph 15. Defendant affirmatively avers that: (a) Plaintiff repeatedly shouted at Allen, acted in a hostile manner toward him, and walked out of the meeting before it was over; (b) Plaintiff's shouting was so loud that it caused several other employees to become concerned and unsettled; (c) immediately after Plaintiff shouted at Allen, he contacted Human Resources to report Plaintiff's behavior; (d) Allen and several others provided contemporaneous written statements characterizing Allen's behavior as professional throughout the entire exchange and Plaintiff's behavior as "yelling, loud, harsh, aggressive, and hostile."

16. Defendant admits that Plaintiff left a voicemail message for John Robinson on August 25, 2017. Defendant denies the remaining allegations in paragraph 16.

17. Defendant admits the allegations in Paragraph 17.

18. Defendant admits the allegations in paragraph 18.

19. Defendant admits the allegations in Paragraph 19. Defendant affirmatively avers that: (a) John Robinson ("Robinson") forwarded Plaintiff's Grievance to both Martin and her supervisor, Craig Gardner, Assistant Vice-President of Human Resources ("Gardner"); (b) Gardner took on the responsibility of responding to Plaintiff; (c) on September 8, 2017, Gardner responded to Plaintiff in an email in which he stated that Plaintiff's grievance fell "under the category of working conditions" and, as such, had to be resolved by following Defendant's "Informal Procedure;" (d) generally, an employee of Defendant has fourteen calendar days to complete the Informal Procedure; (d) Gardner's email was sent to Plaintiff on the fourteenth calendar day following her meeting with Allen; and (e) Gardner's email clearly indicated that the Informal Procedure was still available to Plaintiff.

20. Defendant admits that Gardner sent Plaintiff an email dated September 14, 2017 in which he stated: (a) "First, in articulating your grievance, you still have not stated with any specificity what College policy and procedure has been violated by Paul [Allen]. This is an essential part of any grievance. As such, I only see general working conditions;" (b) "Second, you have not completed the first step in the [informal grievance] process of meeting with Paul [Allen], trying to resolve your grievances;" and (c) "Please let me know after you have completed these two items,"

5

thereby indicating that Plaintiff could still proceed with the Informal Process or provide the requested additional information necessary for filing a formal grievance. Defendant denies the remaining allegations in paragraph 20.

21. Defendant admits that on October 26, 2017, Allen issued a "Notice of Intent to Terminate Employment" (the "Notice"). Defendant affirmatively avers that: (a) the Notice speaks for itself; and (b) the Notice informed Plaintiff in writing that she had 15 days from the receipt of the Notice to present a written response in her defense. Defendant denies the remaining allegations in paragraph 21.

22. Defendant admits the allegations in paragraph 22.

23. Defendant denies the allegations in paragraph 23.

24. Defendant admits that Allen sent Plaintiff a letter dated November 21, 2017 affirming his decision to terminate her employment effective November 27, 2017. Defendant denies the remaining allegations in Paragraph 24. Defendant affirmatively avers that in his November 21, 2017 letter to Plaintiff, Allen stated that: (a) he had carefully reviewed Plaintiff's response letter; and (b) Defendant had looked into her allegations and "found no evidence of discrimination or retaliation."

25. Defendant lacks sufficient knowledge regarding the accuracy of the allegations in Paragraph 25 and, therefore, denies the same.

26. Defendant lacks sufficient knowledge regarding the accuracy of the allegations in Paragraph 26 and, therefore, denies the same.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

27. Defendant incorporates its responses to Paragraphs 1 through 26.

28. Defendant need not respond to the allegations in Paragraph 28 because Plaintiff's First Cause of Action has been dismissed.

29. Defendant need not respond to the allegations in Paragraph 29 because Plaintiff's First Cause of Action has been dismissed.

30. Defendant need not respond to the allegations in Paragraph 30 because Plaintiff's First Cause of Action has been dismissed.

31. Defendant need not respond to the allegations in Paragraph 31 because Plaintiff's First Cause of Action has been dismissed.

32. Defendant need not respond to the allegations in Paragraph 32 because Plaintiff's First Cause of Action has been dismissed.

33. Defendant need not respond to the allegations in Paragraph 33 because Plaintiff's First Cause of Action has been dismissed.

34. Defendant need not respond to the allegations in Paragraph 34 because Plaintiff's First Cause of Action has been dismissed.

## SECOND CAUSE OF ACTION
### (Breach of the Duty of Good Faith and Fair Dealing)

35. Defendant incorporates its responses to Paragraphs 1 through 34.

36. Defendant need not respond to the allegations in Paragraph 36 because Plaintiff's Second Cause of Action has been dismissed.

37. Defendant need not respond to the allegations in Paragraph 37 because Plaintiff's Second Cause of Action has been dismissed.

38. Defendant need not respond to the allegations in Paragraph 38 because Plaintiff's Second Cause of Action has been dismissed.

39. Defendant need not respond to the allegations in Paragraph 39 because Plaintiff's Second Cause of Action has been dismissed.

**THIRD CAUSE OF ACTION**
**(Discrimination on the Basis of Sex and Retaliation in Violation of Title VII)**

40. Defendant incorporates its responses to Paragraphs 1 through 39.

41. Paragraph 41 does not contain factual allegations but rather legal conclusions to which Defendant need not respond.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 42.

44. Defendant denies the allegations in Paragraph 42.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46.

47. Defendant denies the allegations in Paragraph 47.

48. Defendant denies the allegations in Paragraph 48.

49. Defendant admits that Plaintiff filed a Charge of Discrimination (the "Charge") with the Equal Employment Opportunity Commission and that she received a Right to Sue letter dated October 10, 2019. The remainder of Paragraph 49 does not contain factual allegations but rather legal conclusions to which Defendant need not respond.

50. Defendant denies every allegation in the Complaint not specifically admitted above.

## PRAYER FOR RELIEF

Based on the foregoing, Defendant respectfully requests that:

1. Plaintiff's Complaint be dismissed with Prejudice and on the merits;

2. Plaintiff be awarded no damages or other relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendant on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

All of Defendant's actions were motivated entirely by legitimate, non-discriminatory, and non-retaliatory business reasons.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's repeated willful misconduct justified Defendant's termination of her employment.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her alleged damages.

### FIFTH AFFIRMATIVE DEFENSE

Defendant is entitled to offset certain amounts from Plaintiff's alleged damages.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief, including but not limited to attorney's fees and costs, because the actions taken by Defendant would have been taken regardless of any protected status alleged and/or claimed by Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

Any damages allegedly sustained by Plaintiff were caused by Plaintiff's own actions.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff claims are barred by the doctrines or defenses of laches, waiver, consent, estoppel, and/or unclean hands.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff claims are time-barred because they are based, in part, or whole, on discrete acts that occurred in 2016, 2017, and/or prior to the start of the 300-day window applicable to the Charge of Discrimination ("Charge") that Plaintiff purportedly filed with the Equal Employment Opportunity Commission ("EEOC"). Any claims, in part, or whole, based on these discrete acts are time-barred due to Plaintiff's failure to timely exhaust administrative remedies.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff failed to exhaust her administrative remedies, the allegations in the Complaint fall outside the scope of any administrative charges Plaintiff has filed, and/or Plaintiff otherwise failed to comply with the statutory prerequisites of bringing of this action.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant exercised reasonable care to prevent and promptly correct any alleged harassment, discrimination, and/or retaliation.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to take advantage of preventative or corrective opportunities provided by Defendant or to otherwise avoid harm.

## FOURTEENTH AFFIRMATIVE DEFENSE

Utah law prohibits an award of punitive damages against a government entity.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend this Answer to assert additional affirmative defenses that become known during discovery and the litigation process.

DATED: May 17, 2021.

SEAN D. REYES
Utah Attorney General

*/s/ Joseph T. Adams*
JOSEPH T. ADAMS
Assistant Utah Attorney General
*Attorney for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2021, I electronically filed the foregoing, ANSWER, using the Court's electronic filing system, which gave notice to the following:

>April L. Hollingsworth
>Katie Panzer
>HOLLINGSWORTH LAW OFFICE, LLC
>1881 S. 1100 E.
>Salt Lake City, UT 84105
>april@aprilhollingsworthlaw.com
>katie@aprilhollingsworthlaw.com
>*Attorneys for Plaintiff*

>*/s/ Lily Egginton*